UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE B. SWANSON; NATALIE SWANSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>ERIC HOLDER, in his official capacity as Attorney General, United States Department of Justice; TOM VILSACK, in his official capacity as Secretary of the United States Department of Agriculture; TOM TIDWELL, in his official capacity as Chief of USDA Forest Service; KEN SALAZAR, in his official capacity as Secretary of the United States Department of the Interior; BOB ABBEY, in his official capacity as Director of the United States Bureau of Land Management; THOMAS GILLETT, in his official capacity as the District Ranger for the Descanco Ranger District of Cleveland National Forest,<br><br>    Defendants. | CASE NO. 10-cv-2363 - IEG (NLS)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>[Doc. No. 11] |

    Presently before the Court is Plaintiffs George B. Swanson and Natalie Swanson's motion for default judgment. For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion.

## **BACKGROUND**

    The following facts are taken from the complaint. In 1974, Plaintiffs purchased five mining claims and a millsite named Lord Elgin's Silver Duke Millsite located within the

1  Cleveland National Forest.  [*Compl.* ¶ 17.]  From 1995 to 2006, the federal government placed

2  restrictions on Plaintiffs' access to the millsite and Plaintiffs' mining claims.  [*Id.* ¶¶ 37-66.]  Since

3  2006, the federal government, specifically the United States Forest Service, has exercised

4  dominion and control over Plaintiffs' personal property located at the millsite as well as their right

5  to use the structures at the millsite.  [*Id.* ¶ 67.]

6      Based on these restrictions to their property, Plaintiffs filed the present lawsuit against

7  Defendants Eric Holder, Tom Vilsack, Tom Tidwell, Ken Salazar, Bob Abbey, and Thomas

8  Gillett, alleging causes of action for (1) trespass to chattels, (2) conversion, (3) negligence, and (4)

9  declaratory and injunctive relief.  [Doc. No. 1.]  When Defendants failed to respond to the

10  complaint, and after the Clerk of Court entered default, Plaintiffs filed the present motion for

11  default judgment seeking $312,000.00 plus interest.  [Doc. Nos. 7-8, 11.]

## DISCUSSION

### A.    Legal Standard for a Default Judgment

14  A district court has discretion to grant or deny a motion for default judgment.  *Aldabe v. Aldabe*,

15  616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion to grant or deny relief, the district

16  court should consider:

17      (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action;
18      (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of
19      Civil Procedure favoring decisions on the merits.

20  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).  Upon entry of default,

21  the factual allegations of the plaintiff's complaint will be taken as true, except for those relating to

22  the amount of damages.  *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.

23  1987).  If plaintiff is seeking money damages, the plaintiff "is required to provide evidence of its

24  damages, and the damages sought must not be different in kind or amount from those set forth in

25  the complaint."  *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1053-54 (C.D.

26  Cal. 2011).

27  ///

28  ///

**B.     Analysis**

Plaintiffs' motion contains no legal analysis or any discussion of the *Eitel* factors showing that Plaintiffs are entitled to default judgment. Plaintiffs' motion is also not supported by a separate memorandum of point and authorities as required by Local Civil Rule 7.1(f)(1).[1] Plaintiffs only provide the Court with a short attorney affidavit stating that Plaintiffs' damages for their claims is $312,000.00. [Doc. No. 11-1 ¶ 10.] In support of this damages claim, the affidavit only references a letter from the United States Department of Agriculture that was attached to the complaint stating that Plaintiffs' claim was seeking $312,000.00. [*See id.* ¶ 9; Doc. No. 1 at 16.] This letter is only evidence of the amount of damages that Plaintiffs are requesting; the letter is not evidence showing that Plaintiffs are entitled to that amount. Accordingly, Plaintiffs have failed to provide the required evidence in support of their claim for monetary damages. *See Amini Innovation*, 768 F. Supp. 2d at 1053-54. Because Plaintiffs have fail to provide any legal support for their motion or evidence in support of their claim for monetary damages, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion.

## CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion for default judgment. In addition, the Court notes that Plaintiffs' motion was filed without first obtaining a hearing date for the motion from chambers. The Court directs Plaintiffs to obtain a hearing date from chambers prior to the filing of any future motions in accordance with Local Civil Rule 7.1(b).

**IT IS SO ORDERED.**

**DATED:** August 26, 2011

*Irma E. Gonzalez*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] Local Civil Rule 7.1(f)(1) provides: "Each motion or other request for ruling by the court must be accompanied by a separate motion and notice of motion and another separate document captioned 'Memorandum of Points and Authorities in support of [the motion].'"